164 P.3d 798

**Kenneth WORKMAN, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 33620.

Supreme Court of Idaho,
Boise, May 2007 Term.

June 27, 2007.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Courtney E. Beebe argued.

TROUT, Justice.

Kenneth Workman appeals from the district court's summary dismissal of his petition for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Workman drove his vehicle off Interstate 84 and into two pickup trucks parked on the side of the road. At the time of the crash, Workman was under the influence of heroin, methamphetamine and THC. The owners of the trucks were standing between the vehicles at the time of the crash, and both suffered serious injuries. One person was thrown into the road and suffered major broken bones and a ruptured spleen. The other person was pinned between the vehicles, breaking one leg while the other was severed from his body. The State charged Workman with two counts of aggravated driving under the influence of alcohol and/or drugs, felonies under Idaho Code section 18–8006, and one count of felony possession of a controlled substance under Idaho Code section 37–2732(c). The State also filed an Information alleging that Workman was a

persistent violator with two convictions for possession of a controlled substance.

Workman and the State entered into a plea agreement under which Workman was to enter a guilty plea to the two counts of aggravated DUI and to the charge of being a persistent violator. Under the agreement, the State would drop the count of possession of a controlled substance and make a sentencing recommendation of no more than a life sentence with twenty-five years fixed. At the plea hearing, the district judge engaged in a colloquy with Workman, asking him a number of questions about the offense, his understanding of the purpose and consequence of the hearing, and his ability to understand the proceedings. At the conclusion of the hearing, Workman admitted that the offenses charged against him were true, and the district court accepted this as a plea of guilt. At the sentencing hearing, Workman's attorney offered few arguments for his client apart from suggesting that his client had been cooperative and asking the district court for mercy. The district court imposed two fixed life sentences, which were affirmed by the Court of Appeals on direct appeal.

Workman then filed a pro se petition for post-conviction relief and sought the appointment of counsel. The district judge ruled that she would not appoint counsel unless she determined there was a valid basis for post-conviction relief. In his petition, Workman claimed that his guilty plea was invalid because he was under the influence of antipsychotic medication when he entered his plea. Workman further claimed that he did not actually enter a guilty plea, and also claimed ineffective assistance of counsel. The State filed a detailed answer and motion to dismiss Workman's petition, to which Workman filed a reply, pro se.

Without further notice, the district court dismissed Workman's petition and entered judgment as a matter of law for the State. The court found Workman's claim that he was under the influence of antipsychotic drugs to be unsubstantiated and noted that Workman did not seek a judicial determination of his competence before pleading guilty. The court dismissed Workman's ineffective assistance of counsel claims after concluding that Workman failed to satisfy both prongs of the test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Finding no genuine issue of material fact, the court summarily dismissed Workman's petition for post-conviction relief. Having concluded there were no potential claims to investigate, the district court also denied appointment of counsel for Workman.

Workman appealed from the denial of his post-conviction petition and the matter was assigned to the Court of Appeals. The Court of Appeals affirmed the district court's decision. Workman then filed a petition for review with this Court, which was granted.

## II.

## STANDARD OF REVIEW

While this Court gives serious consideration to the views of the Court of Appeals when considering a case on review from that court, this Court reviews the district court's decisions directly. *State v. Rogers*, 140 Idaho 223, 226, 91 P.3d 1127, 1130 (2004).

An application for post-conviction relief under the Uniform Post Conviction Procedure Act (UPCPA) is civil in nature. *Stuart v. State*, 136 Idaho 490, 495, 36 P.3d 1278, 1282 (2001). Like a plaintiff in a civil action, the applicant for post-conviction relief must prove by a preponderance of evidence the allegations upon which the application for post-conviction relief is based. *Grube v. State*, 134 Idaho 24, 995 P.2d 794 (2000). Unlike the complaint in an ordinary civil action, however, an application for post-conviction relief must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant. I.C. § 19–4903. The application must include affidavits, records, or other evidence supporting its allegations, or must state why such supporting evidence is not included. *Id.*

Summary disposition is appropriate if the applicant's evidence raises no genuine issue of material fact. I.C. § 19–4906(b), (c).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, this Court will determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file and will liberally construe the facts and reasonable inferences in favor of the non-moving party. *Gilpin–Grubb v. State*, 138 Idaho 76, 80, 57 P.3d 787, 791 (2002). A court is required to accept the petitioner's unrebutted allegations as true, but need not accept the petitioner's conclusions. *Ferrier v. State*, 135 Idaho 797, 799, 25 P.3d 110, 112 (2001). When the alleged facts, even if true, would not entitle the applicant to relief, the trial court may dismiss the application without holding an evidentiary hearing. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990), *citing Cooper v. State*, 96 Idaho 542, 545, 531 P.2d 1187, 1190 (1975). Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law. *Id.*

## III.

## DISCUSSION

### A. Dismissal of the petition under I.C. § 19–4906(c)

The first issue on appeal is whether the district court acted properly in summarily dismissing Workman's petition for post-conviction relief without giving notice of its intent to do so. Idaho Code § 19–4906 permits a court to rule summarily on applications for post-conviction relief. A court may grant the motion of either party under I.C. § 19–4906(c), or may dismiss the application *sua sponte* under I.C. § 19–4906(b).[1] When a court dismisses an application *sua sponte*, the statute requires the court give the applicant 20–days' notice prior to the proposed dismissal.

### 1. Notice of dismissal

■ Workman argues that the State did not specifically request summary dismissal or specifically invoke I.C. § 19–4906(c) and, therefore, the district court's dismissal must have been *sua sponte*, subject to I.C. § 19–4906(b)'s requirement that 20–days notice be given before dismissal.

In *Saykhamchone v. State*, 127 Idaho 319, 900 P.2d 795 (1995), this Court found that the State's general request for dismissal did not constitute a proper motion for summary disposition under subsection (c). The district court summarily dismissed Saykhamchone's application for post-conviction relief after the State filed an answer that included the request to "[d]ismiss the Petition for Post–Conviction Relief in the above entitled action without further hearing and pursuant to Idaho Code §§ 19–4901, et seq." The Court found that the State's "general request" in the answer's prayer for relief did not "fairly constitute 'a motion.'" 127 Idaho at 322, 900 P.2d at 798. Thus, the Court faulted the State for its lack of specificity of grounds as well as its failure to actually file a motion. "[A]t a minimum, the state's prayer for relief in the Answer was deficient for not stating its grounds *with particularity*, and for not stating that it was the state's *motion* for summary disposition under I.C. § 19–4906(c)." *Id.* (emphasis in original).

■ Unlike the State's answer in *Saykhamchone*, the State in this case submitted not just an answer but a motion to dismiss.

---

[1]. Idaho Code § 19–4906 states, in part:

(b) When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or,

direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if there exists a material issue of fact. (c) The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

I.C. § 19–4906(b), (c).

The State's answer and motion also contained twenty-two pages of argument categorically addressing Workman's allegations, identified by number. At the end of each set of thematically grouped, specifically identified allegations, the motion states that the Court should "DISMISS" the allegations, or that the allegations should "BE DISMISSED." As the *Saykhamchone* Court explained, the reason that subsection (b), but not subsection (c), requires a 20–day notice by the court of intent to dismiss, is that under subsection (c), "the motion itself serves as notice that summary dismissal is being sought." *Id.* at 322, 900 P.2d at 798. "[W]hen the State files an answer, the petitioner can rightly expect that the matter will proceed to an evidentiary hearing on the issues framed by the pleadings...." *Id.* This is so unless it has notice of the possibility of summary dismissal, either in the form of the court's 20–day notice of intent to dismiss or the State's motion for summary disposition. Whereas the answer in *Saykhamchone* did not put the defendant on notice of what was actually being requested, in this case the State's answer and motion to dismiss clearly put Workman on notice of the basis for the State's request that the petition be summarily dismissed.

While we conclude the State's answer and motion to dismiss in this case were technically sufficient under I.C. § 19–4906(c) and *Saykhamchone,* we reiterate our direction in *Saykhamchone* that the preferable practice is: (1) to file a motion separate from the answer, (2) to identify that motion as a motion for summary disposition, not a motion to dismiss, and (3) to use the language of I.C. 19–4906(c) and cite that specific statutory provision in support of the motion for summary disposition. It should be absolutely clear to a defendant that the State is not just responding to a petition but is seeking summary disposition without an evidentiary hearing and without further notice to the defendant. Under the particular circumstances of this case, the State's objective was clear and no advance notice by the district court was required before it summarily dismissed Workman's petition for post-conviction relief.

### 2. Grounds for dismissal

Even with adequate notice of the State's motion for summary disposition, Workman argues, the district court was still required to provide him 20–days' notice of summary dismissal because the court relied on grounds not raised or argued by the State. In *Gibbs v. State,* 103 Idaho 758, 653 P.2d 813 (1982), the Court of Appeals found that a district court improperly dismissed an application for post-conviction relief without 20–days' notice. *Id.* at 760, 653 P.2d at 815. Instead of accepting the State's sole argument that the petition was untimely, the court relied on different grounds and dismissed Gibbs's petition *"upon its own initiative."* *Id.* (emphasis in original). This Court has endorsed the *Gibbs* holding, repeating that "[w]here the state has filed a motion for summary disposition, but the court dismisses the application on grounds different from those asserted in the state's motion, it does so on its own initiative and the court must provide twenty days notice." *Saykhamchone,* 127 Idaho at 322, 900 P.2d at 798.

In this case, the district court cited multiple reasons why dismissal of each of Workman's claims was appropriate, but in each instance the court relied in part on the same arguments presented in the State's motion to dismiss. Both the State argued and the district court concluded that Workman had failed to present evidence to support his claims that his guilty plea was involuntary or otherwise invalid, and both the State and the district court observed that many of Workman's claims regarding his guilty plea either were or should have been raised on direct appeal. The State argued, and the district court found, that Workman failed to allege facts showing that he met the test for ineffective assistance of counsel under *Strickland.* There is significant overlap between the reasoning in the district court's decision and the State's motion to dismiss. The district court's reasoning for dismissal of Workman's petition is not so different in kind as to transform its decision into a *sua sponte* dismissal and, therefore, the district court was not required to give 20 days notice of it intent to dismiss.

Though not raised as an issue on appeal, Workman's attorney asserted at oral argument that there were additional grounds set forth in Workman's petition that the State did not address in its answer and motion to dismiss. The attorney argued the State did not address several allegations made by Workman relating to his mental state upon pleading guilty, and that the case should be remanded for the district judge to address these additional issues after an evidentiary hearing. Because Workman did not raise this latter issue on appeal, we need not evaluate it. We note, however, that after reviewing Workman's petition for post-conviction relief, the State's answer and motion to dismiss, and the district court's decision, it is clear that Workman's argument is without merit. While the State rephrases Workman's allegations, it addresses in some manner all the issues raised by Workman's petition. The district court's reasoning is consistent with the State's arguments. We find no reason to remand this case to the district court for the purpose of evaluating additional claims.

## B. Standard for ineffective assistance of counsel

The second issue on appeal is whether the district judge applied the appropriate standard when she concluded that Workman's claim for ineffective assistance of counsel should be dismissed. The district court applied the standard of ineffective assistance of counsel set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Applying *Strickland,* the district court dismissed several of Workman's claims principally on his failure to demonstrate *Strickland's* second prong, prejudice. Workman argues that his claims trigger application of the Supreme Court's companion opinion to *Strickland, United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). The question presented by Workman's appeal is therefore, whether the district court correctly required him to show prejudice under *Strickland,* or whether Workman has submitted evidence showing that his situation is one in which prejudice must be presumed under *Cronic.*

*Strickland* established the standard for a claim of ineffective assistance of counsel, setting forth two components necessary to a criminal defendant's claim:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. *Strickland* sets an "objective standard of reasonableness" for judging whether errors in an attorney's performance are serious enough to render that performance defective. 466 U.S at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. *See also State v. Hairston,* 133 Idaho 496, 511, 988 P.2d 1170, 1185 (1999). "There is 'a strong presumption that counsel's performance falls within the wide range of professional assistance.'" *Hairston,* 133 Idaho at 511, 988 P.2d at 1185 (citing *Aragon v. State* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988)). Under *Strickland,* "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." 466 U.S at 688, 104 S.Ct. at 2064, 80 L.Ed.2d at 693.

On the same day the Supreme Court handed down *Strickland,* it also issued a second opinion, *Cronic,* offering an exception to *Strickland's* second prong, prejudice. Certain circumstances, said the Court, "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic,* 466 U.S. at 658, 104 S.Ct. at 2046, 80 L.Ed.2d at 668. The Court listed three such circumstances: (1) where there is a "complete denial" of counsel at a critical stage of trial; (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a

presumption of prejudice is appropriate. ...." *Id.* at 659, 104 S.Ct. at 2047, 80 L.Ed.2d at 668.

In *Cronic,* the Supreme Court reviewed the Court of Appeals decision to infer prejudice without specific proof of prejudice. The Court of Appeals cited five factors leading to the inference of prejudice: "(1) [T]he time afforded for investigation and preparation; (2) the experience of counsel; (2) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel." *Cronic,* 466 U.S. at 652, 104 S.Ct. at 2043, 80 L.Ed.2d at 663–64. The Supreme Court rejected the Court of Appeals' approach and identified the three circumstances in which it was appropriate to presume prejudice. After concluding that the criteria used by the Court of Appeals did not demonstrate a situation in which it was appropriate to presume prejudice, the Supreme Court remanded the case to the Court of Appeals for evaluation of the claim under the two-pronged test of *Strickland.*

The Supreme Court revisited *Cronic* in *Bell v. Cone,* 535 U.S. 685, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), concluding that an applicant for post-conviction relief failed to show that *Cronic* applied to his claims for ineffective assistance of counsel. In *Bell,* the applicant argued his case met the second exception identified in *Cronic,* counsel's failure to subject the prosecution's case to meaningful adversarial testing. As proof, the petitioner pointed to his attorney's failure to produce mitigating evidence and the waiver of closing arguments. The Court rejected his argument. "When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case," the Court explained, "we indicated that the attorney's failure must be complete." *Bell,* 535 U.S. at 696–97, 122 S.Ct. at 1851, 152 L.Ed.2d at 928. The Court emphasized *Cronic's* requirement that counsel "*entirely*" fail to subject the prosecution's case to a meaningful adversarial testing, whereas "[h]ere, respondent's argument is not that his counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole, but that his counsel failed to do so at specific points." *Id.* (emphasis in original).

The allegations raised by the applicant in his ineffective assistance of counsel claim, said the Court, "are plainly of the same ilk as other specific attorney errors we have held subject to *Strickland's* performance and prejudice components." *Id.* at 697–98, 122 S.Ct. at 1852, 152 L.Ed.2d at 929; *cf. Darden v. Wainwright,* 477 U.S. 168, 184, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144, 159 (1986) (evaluating under *Strickland* a claim that counsel was ineffective for failing to put on any mitigating evidence at a capital sentencing hearing); *Burger v. Kemp,* 483 U.S. 776, 788, 107 S.Ct. 3114, 3122, 97 L.Ed.2d 638, 653 (1987) (evaluating under *Strickland* a claim that counsel was ineffective for not offering any mitigating evidence at a capital sentencing hearing).

This Court rejected on similar grounds the argument by an applicant for post-conviction relief that *Cronic* applied to his claims for ineffective assistance of counsel. *Pratt v. State,* 134 Idaho 581, 6 P.3d 831 (2000). Pratt argued that his attorney's decision to enter into evidentiary stipulations amounted to "a breakdown in the adversarial process," the second exception in *Cronic. Pratt,* 134 Idaho at 584, 6 P.3d at 834. The Court concluded that the attorney's decision "does not constitute such an egregious circumstance warranting an exception to the *Strickland* prejudice requirement as it was strategically entered to bolster Pratt's credibility and testimony concerning the murder and attempted murder charges." *Id.*

Workman alleges that his trial counsel abandoned him by allowing him to plead guilty while medicated with Compazine, by his conduct at Workman's sentencing hearing, by missing the filing deadline for Workman's Rule 35 motion, and by failing to tell Workman that the motion was denied. Like the applicants for post-conviction relief in *Bell* and *Pratt,* Workman argues his attorney's conduct falls into the second exception under *Cronic,* the failure to subject the prosecution's case to meaningful adversarial testing. Also like the applicants in *Bell* and *Pratt,* Workman's evidence falls short of this standard. At Workman's sentencing hearing, his attorney stated in closing arguments, "Anything I can say on behalf of my client is

empty. This is a god-awful crime, just god-awful." The attorney continued, "[t]he only thing I can ask for from the court in a case like this is mercy, and that's even tough after listening to [the victims] speak to this court." The record reflects the attorney's strategy of showing contrition and cooperation and seeking mercy. He concluded his remarks to the court by saying,

> When this happened . . . even though right from the beginning when I talked with Ken and got together with him, that [sic] he wanted to plead guilty. We knew there would be an Information Part II, and he even pled guilty to that. I know from visiting with him on the several occasions that I have, and going over some things with him, that Ken is truly, truly, truly sorry, but I know that saying that, that sounds empty also. I'm going to let him address the court, and I just ask for some sort of mercy for my client. Thank you.

Workman also points to the attorney's failure to correct the district court's apparent impression that it was following the plea bargain by imposing two fixed life sentences. Even if an attorney's actions constituted errors, rather than risky though permissible strategy decisions, the actions would still be subject to evaluation under *Strickland,* not *Cronic.* The attorney's actions do not constitute an *entire* failure to subject the prosecution's case to meaningful testing, as required by *Cronic.* Thus, the district court correctly evaluated Workman's claims for ineffective assistance of counsel under *Strickland.* On appeal, Workman does not challenge the district court's finding that he failed to establish *Strickland's* second prong, prejudice. We therefore affirm the district court's dismissal of Workman's claims for ineffective assistance of counsel.

## C. Validity of Workman's guilty plea

### 1. Voluntariness of plea

▮▮▮ The third issue on appeal addresses whether the district court erred in not setting aside Workman's guilty plea. At the outset, it is important to distinguish between two separate questions: first, whether Workman was competent to enter a guilty plea; and second, whether Workman know-ingly, willingly, and voluntarily entered a guilty plea. *See Godinez v. Moran,* 509 U.S. 389, 400, 113 S.Ct. 2680, 2687, 125 L.Ed.2d 321, 333 (1993) ("In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary."). Under the test articulated in *Godinez,* a defendant who is competent to enter a guilty plea must have a rational understanding of the proceedings against him and must be able to assist in his own defense. *Id.* at 402, 113 S.Ct. at 2688, 125 L.Ed.2d at 334. Based upon the colloquy between the district judge and Workman, there is ample evidence that Workman had a rational understanding of the proceedings and was competent to enter a guilty plea.

▮▮▮ Workman did not argue per se that he was not competent to enter a plea, but rather asserted in his petition for post-conviction relief that his guilty plea was involuntary. For a guilty plea to be valid, the entire record must demonstrate that the plea was entered into in a voluntary, knowing, and intelligent manner. *State v. Heredia,* 144 Idaho 95, 96, 156 P.3d 1193, 1194 (2007). Whether a plea is voluntary and understood entails inquiry into three areas: (1) whether the defendant's plea was voluntary in the sense that he understood the nature of the charges and was not coerced; (2) whether the defendant knowingly and intelligently waived his rights to a jury trial; and (3) whether the defendant understood the consequences of pleading guilty. *State v. Colyer,* 98 Idaho 32, 34, 557 P.2d 626, 628 (1976).

Workman asserts that his guilty plea was involuntary because, at the time he entered it, he was medicated with the antipsychotic medication Thorazine. The district court's examination into Workman's mental capacity and understanding of his plea indicates that Workman was aware that he was medicated but did not believe the drug affected his understanding of his guilty plea:

> Q. (by the Court) Are you addicted or accustomed to the use of alcohol or drugs?
>
> A. (by Workman) I was using drugs.

Q. Are you under the influence of anything at all today, including medications?

A. I take medication in the jail where I'm at now.

Q. Do those medications affect your ability to know what's going on?

A. No, I know what's going on.

Q. Do they interfere with your function at all?

A. No.

Q. Do you have any psychological or mental problems that might have some bearing on this case?

A. I don't know. I guess not.

. . .

Q. Are you having any trouble understanding what's going on today?

A. No.

Q. Are you having any trouble understanding your lawyer?

A. No.

Q. When did you decide you were going to plead guilty?

A. We talked last week, and I decided.

Q. Why did you decide to?

A. Because my case is kind of hard to prove in court, and like I say—he says, save the taxpayers some more. I would probably be found guilty anyway.

Workman's post-conviction petition merely alleges that he was medicated. This same information was known to the district judge at the time she took Workman's plea, and she had an opportunity at that time to question Workman to determine his competence and rational understanding of the proceedings. The district judge thoroughly documented the evidence in the transcript of the hearing at which Workman changed his plea and noted her personal observations that

"[t]hroughout the hearing, Workman answered the Court's questions appropriately; moreover, he exhibited no behavior that indicated an inability to concentrate or an impairment of his motor or cognitive skills." In light of the discussion between Workman and the district judge, Workman's allegation that he was on Thorazine and the documentation in the presentence report that Workman had been prescribed the psychotropic drug Compazine are insufficient to raise an issue of material fact. The district judge did not err in dismissing, without an evidentiary hearing, Workman's claim that his plea was involuntary.

## 2. Formal entry of plea

 Workman's petition for post-conviction relief asserts that the guilty plea accepted by the district court was invalid because he never actually entered a plea. Idaho Criminal Rule 11 governs the acceptance of a guilty plea. I.C.R. 11(c).[2] Rule 11(c) requires that before a court may accept a guilty plea, it must ensure that the record, along with reasonable inferences drawn therefrom, reflect the voluntariness of the plea, the defendant's understanding of the plea, and other specific safeguards. In addition, I.C. § 19–1713 provides, "Every plea must be oral, and entered upon the minutes of the court in substantially the following form: ... 1. If the defendant pleads guilty: 'The defendant pleads that he is guilty of the offense charged.'" I.C. § 19–1713. Workman asserts that the court failed to ask him how he was pleading for each offense charged.

Though the district court found that Workman's claims were or should have been raised on appeal, it also made the finding that Workman presented no genuine issue of ma-

**2.** Rule 11(c) provides:

Before a plea of guilty is accepted, the record of the entire proceedings, including reasonable inferences drawn therefrom, must show:

(1) The voluntariness of the plea.

(2) The defendant was informed of the consequences of the plea, including minimum and maximum punishments, and other direct consequences which may apply.

(3) The defendant was advised that by pleading guilty the defendant would waive the right against compulsory self-incrimination, the

right to trial by jury, and the right to confront witnesses against the defendant.

(4) The defendant was informed of the nature of the charge against the defendant.

(5) Whether any promises have been made to the defendant, or whether the plea is a result of any plea bargaining agreement, and if so, the nature of the agreement and that the defendant was informed that the court is not bound by any promises or recommendation from either party as to punishment.

terial fact in alleging that he never entered a plea. According to the transcript of the hearing at which Workman entered his plea of guilty, the judge inquired into the voluntary nature of Workman's plea, asked Workman whether he was "pleading guilty freely and voluntarily," and asked whether "both of these charges are true." Although this issue could have been avoided by the court's inquiry to Workman of "how do you plead," the transcript demonstrates that Workman understood the nature of the charges, understood the purpose of the hearing, understood he was admitting that the charges were true and entering a plea of guilty, and understood the consequences of doing so. Workman has not demonstrated an issue of material fact regarding his actual entry of a guilty plea. No evidentiary hearing is necessary, and the district court did not err in dismissing Workman's claim that he did not enter a guilty plea.

## D. Request for appointment of counsel

■ Finally, we address whether the district court erred in denying Workman's request for appointment of counsel in his post-conviction proceedings. In its order denying Workman's request for appointment of counsel, the district court stated that it would review the file to determine whether there was a basis for post-conviction relief, and that "[i]f the petition is not subject to summary dismissal pursuant to I.C. § 19–4906(b), counsel will be appointed to represent the defendant at any evidentiary hearing." The district court later determined that Workman's petition was subject to summary disposition.

■ A request for appointment of counsel in a post-conviction proceeding is governed by I.C. § 19–4904. *Quinlan v. Idaho Comm'n for Pardons and Parole,* 138 Idaho 726, 730, 69 P.3d 146, 150 (2003). Idaho Code § 19–4904 provides that in a proceeding under the UPCPA, a court-appointed attorney "may be made available" to an indigent applicant. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State,* 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004). This Court deter-

mined in *Charboneau,* and reaffirmed in *Swader v. State,* 143 Idaho 651, 152 P.3d 12 (2007), that the proper standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim that would require further investigation on the defendant's behalf. *Charboneau,* 140 Idaho at 793, 102 P.3d at 1112; *Swader,* 143 Idaho at 654, 152 P.3d at 15.

The district court's thorough review of Workman's allegations supports, as a reasonable exercise of discretion, her finding that Workman's claims were frivolous and required no further investigation. Workman has raised no allegations sufficient to require the appointment of counsel. The district court did not err in denying Workman's request for counsel.

## IV.

## CONCLUSION

Workman has failed to raise an issue of material fact regarding his allegations that his guilty plea was involuntary or was not actually entered. The district judge properly evaluated Workman's claims for ineffective assistance of counsel under the *Strickland* test and was not required to give 20–days' notice before summarily dismissing Workman's petition. We affirm the district judge's decision denying Workman's request for counsel and dismissing his petition for post-conviction relief.

Chief Justice SCHROEDER, and Justices EISMANN, BURDICK and JONES concur.