**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41001**

| | | |
|---|---|---|
| **PERRY WAYNE CADUE,** | ) | **2014 Unpublished Opinion No. 699** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: August 27, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>; order denying request for appointment of counsel, <u>affirmed</u>.

Perry Wayne Cadue, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Perry Wayne Cadue appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief and denying his motion for appointment of post-conviction counsel. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Cadue was charged with aggravated battery, Idaho Code §§ 18-903 and 18-907, for his involvement in a fight. Cadue did not testify at trial and was subsequently found guilty by a jury of aggravated battery. Cadue appealed, asserting his sentence was excessive and we affirmed in *Cadue v. State*, Docket No. 37227 (Ct. App. May 20, 2011) (unpublished). Thereafter, Cadue filed a petition for post-conviction relief claiming his defense counsel provided ineffective assistance. Upon the State's motion, the district court summarily dismissed Cadue's original petition and we affirmed in *Cadue v. State*, Docket No. 40286 (Ct. App. Feb. 6, 2014) (unpublished). While Cadue's first post-conviction petition appeal was pending, he filed this

1

successive petition for post-conviction relief raising numerous claims concerning his trial counsel's failure to adequately represent him. Furthermore, the petition alleged one claim of ineffective assistance of appellate counsel and one claim of ineffective assistance of post-conviction counsel. The district court issued an order denying appointment of post-conviction counsel and dismissed the successive post-conviction petition, finding the petition was improperly filed and therefore frivolous. Cadue responded. The district court entered a final judgment summarily dismissing Cadue's successive petition for post-conviction relief. Cadue timely appealed.

## II.

## ANALYSIS

Cadue argues the district court erred when it summarily dismissed his successive petition for post-conviction relief because he showed sufficient reason entitling him to file a successive petition. Cadue asserts the district court concomitantly committed error by denying his request for appointed post-conviction counsel.

### A. Sufficient Reason for Filing a Successive Petition

In the instant petition, Cadue raises sixteen allegations concerning the ineffective assistance of his defense counsel, one claim of ineffective assistance of appellate counsel, and one claim of ineffective assistance of post-conviction counsel. It is Cadue's contention that the aforementioned claims of ineffective assistance of counsel are sufficient reasons entitling him to file a successive petition for post-conviction relief. If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Generally, Idaho Code section 19-4908 requires that all allegations relating to a request for post-conviction relief be asserted in one petition. Idaho Code section 19-4908 states:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

2

In order to protect due process rights, Idaho recognizes an exception to the prohibition against successive petitions for claims that were not known to the applicant at the time of the original petition. *Charboneau*, 144 Idaho at 904-05, 174 P.3d at 874-75.

The district court was correct in determining that Cadue should have asserted his claims of ineffective assistance of defense and appellate counsel in his original petition for post-conviction relief. Cadue advances neither an excuse nor reason why his claims were not known or could not have reasonably been known within the timeframe for filing an initial petition. Therefore, these claims were not properly before the court in his successive petition, and consequently, could not serve as a sufficient reason to file a successive petition.

Moreover, many of the claims in this petition are the same claims in his original petition. Therefore, in the context of a successive petition for post-conviction relief, these claims were known, raised and therefore could not possibly serve as a sufficient reason entitling Cadue to file a successive petition under Idaho Code section 19-4908.

Finally, Cadue avers his appointed post-conviction counsel provided ineffective assistance. Specifically, Cadue contends "[m]y post-conviction attorney refused to amend, investigate and seek discovery, calls [sic] witnesses to prefect [sic] my petition." In essence, Cadues avers that a conclusory allegation of ineffective assistance of post-conviction counsel is a sufficient reason under I.C. § 19-4908 to allow him to file a successive post-conviction petition. In support of his contention, Cadue relies on *Palmer v. Dermitt*, 102 Idaho 591, 635 P.2d 955 (1981), in which the Court held that an allegation of ineffective assistance of prior post-conviction counsel may provide sufficient reason under Idaho Code section 19-4908 to permit allegations of error at trial not previously raised or inadequately raised in the initial application to be raised in a subsequent post-conviction proceeding. However, the Idaho Supreme Court recently overruled *Palmer* in *Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 376 (2014) and held that because there is no statutory or constitutional right to effective assistance of post-conviction counsel, an allegation of ineffective post-conviction counsel cannot demonstrate sufficient reason for filing a successive petition. *Id.* Therefore, Cadue's claim of ineffective assistance of post-conviction counsel is not a sufficient reason entitling him to file a successive petition.

B.     **Appointment of Successive Post-Conviction Counsel**

Cadue argues that the district court erred by denying his request for appointment of counsel to assist him with his successive petition. A request for appointment of counsel in a

3

post-conviction proceeding is governed by I.C. § 19-4904, which provides that a court-appointed attorney may be made available to an indigent applicant. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007); *Gonzalez v. State*, 151 Idaho 168, 171, 254 P.3d 69, 72 (Ct. App. 2011). The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Hust v. State*, 147 Idaho 682, 683-84, 214 P.3d 668, 669-70 (Ct. App. 2009); *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The standard to be applied is whether the petition alleges facts showing the possibility of a valid claim that would require further investigation on the petitioner's behalf. *Workman*, 144 Idaho at 529, 164 P.3d at 809; *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007); *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Only if all of the claims alleged in the petition are frivolous may the court deny a request for counsel. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. On appellate review, we will not set aside the trial court's findings of fact unless they are clearly erroneous and will exercise free review of questions of law. *Id*

A petitioner is not entitled to appointment of counsel on a petition for post-conviction relief where the petitioner's claims are frivolous and require no further investigation. *Workman*, 144 Idaho at 529, 164 P.3d at 809. The district court's determination that Cadue's claims were frivolous and therefore required no further investigation aided by court-appointed counsel are supported by the record because all of the claims are barred by I.C. § 19-4908.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Cadue's successive post-conviction petition, having determined he has failed to allege facts raising the possibility of a valid claim that would provide sufficient reason for filing a successive petition. As a result of the district court's determination that Cadue's successive post-conviction petition was frivolous, the district court acted within its discretion when it denied Cadue's request for court-appointed counsel. Accordingly, we affirm the district court's judgment summarily dismissing Cadue's successive petition for post-conviction relief and denying his request for appointment of counsel.

Judge LANSING and Judge GRATTON **CONCUR.**