**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KENNETH WORKMAN, | No. 14-35854 |
| Petitioner - Appellant, | D.C. No. 1:08-cv-00052-EJL |
| v. | |
| RANDY BLADES, Warden and LAWRENCE WASDEN, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted March 10, 2016
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

Petitioner Kenneth Workman appeals the district court's denial of his

petition for a writ of habeas corpus. Workman argues that his trial counsel's

performance during his sentencing hearing was so deficient as to warrant a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

presumption of prejudice under *United States v. Cronic*, 466 U.S. 648 (1984). We affirm.

1. Workman's *Cronic* claim is properly before us. This court issued a certificate of appealability ("COA") limited to the issue "whether counsel rendered ineffective assistance at sentencing, including whether this claim is procedurally defaulted." *See* 28 U.S.C. § 2253(c). Because a *Cronic* claim requires a showing that counsel rendered ineffective assistance, Workman's claim falls within the scope of the COA.

2. Because the Idaho Supreme Court rejected Workman's *Cronic* claim on the merits, under the Antiterrorism and Effective Death Penalty Act he can prevail only if he can show that the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[1] 28 U.S.C. § 2254(d)(1).

In *Cronic*, the Supreme Court fashioned an exception to the prejudice requirement in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Cronic*, prejudice may be presumed when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." 466 U.S. at 659. Before a

---

[1] Workman makes no argument that the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

2

court may "presum[e] prejudice based on an attorney's failure to test the prosecutor's case . . . the attorney's failure must be complete." *Bell v. Cone*, 535 U.S. 685, 697 (2002).

The Idaho Supreme Court concluded that Workman's counsel's "actions d[id] not constitute an *entire* failure to subject the prosecution's case to meaningful testing." *Workman v. State*, 144 Idaho 518, 526 (2007). Because the court applied the correct standard as set forth in *Cronic* and *Bell*, its decision was not "contrary to" clearly established Supreme Court precedent. *See Early v. Packer*, 537 U.S. 3, 8 (2002).

Nor did the court's decision involve an "unreasonable application" of these precedents. While Workman's attorney did very little to advance his client's interests, he did stress Workman's contrition, emphasize that Workman had always intended to cooperate by pleading guilty, and ultimately ask the court for "some sort of mercy." It is true that counsel repeatedly qualified all of his statements by, for example, saying that they "sound empty," but his qualifiers were plausibly consistent with a strategy of displaying contrition and forthrightness about the seriousness of the crime as a way of appealing for mercy.

A reasonable jurist could conclude, as the Idaho Supreme Court did in this case, that this amounted to *some* advocacy on behalf of Workman, falling short of

3

the total abandonment contemplated in *Bell* and *Cronic*. The court's decision was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). We therefore affirm the district court's denial of Workman's petition for a writ of habeas corpus.

**AFFIRMED.**