IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44343

| JORDAN MARIE SHAVER, | ) | 2017 Unpublished Opinion No. 473 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 24, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy L. Hansen, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jordan Marie Shaver appeals from the district court's judgment summarily dismissing Shaver's petition for post-conviction relief. For the reasons set forth below, we affirm.

Shaver pled guilty to second degree murder. I.C. §§ 18-4001, 18-4002, and 18-4003(g). The district court sentenced Shaver to a unified term of life imprisonment, with a minimum period of confinement of twenty years. Shaver filed an I.C.R. 35 motion for reduction of her sentence, which the district court denied. Shaver appealed and this Court, in an unpublished opinion, affirmed the judgment of conviction and sentence and the district court's order denying Shaver's Rule 35 motion. *State v. Shaver*, Docket No. 42078 (Ct. App. Feb. 10, 2015). Shaver filed a petition for post-conviction relief. Shaver's petition alleged that she received ineffective assistance of counsel, that her guilty plea was entered based on promises that were not kept, and

1

that her sentence was disproportionate. The State filed an answer denying Shaver's allegations and asserting res judicata as a defense to Shaver's disproportionate sentence claim. The State then filed a motion for summary dismissal, which the district court granted. Shaver appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted

2

evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

On appeal, Shaver argues that that the district court erred in summarily dismissing Shaver's disproportionate sentence claim.[1] Specifically, Shaver asserts that she did not receive sufficient notice of the grounds for summary dismissal. The State's motion for summary

---

[1] Shaver does not argue that the district court erred in summarily dismissing the other two claims alleged in Shaver's petition for post-conviction relief.

3

dismissal was made "in light of the pleadings, answers, admissions, and the record." The State's brief in support of the motion for summary dismissal did not mention res judicata as a basis for dismissal. In the order summarily dismissing Shaver's petition for post-conviction relief, the district court relied on res judicata to dismiss Shaver's disproportionate sentence claim. Shaver argues that the district court was required to give notice of its intent to dismiss the disproportionate sentence claim because the State failed to include the res judicata argument in its motion for summary dismissal or brief in support thereof.

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). The Idaho Supreme Court has held that the reason I.C. § 19-4906(b) requires the twenty-day notice, but not subsection (c), is because the subsection (c) motion itself serves as notice that summary dismissal is being sought. *State v. Christensen*, 102 Idaho 487, 488, 632 P.2d 676, 677 (1981). Where the district court summarily dismisses a petition for post-conviction relief on grounds not raised or argued by the State, the district court must give notice. *Gibbs v. State*, 103 Idaho 758, 760, 653 P.2d 813, 815 (Ct. App. 1982).

A general request for dismissal does not constitute a proper motion for summary dismissal under I.C. § 19-4906(c). *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). In *Saykhamchone*, the State responded to a petition for post-conviction relief by filing an answer generally requesting summary dismissal of the petitioner's claims without a hearing, but not providing grounds for dismissal. *Id.* The Idaho Supreme Court found that the district court was required to provide notice of its intent to dismiss because the State failed to file a motion for summary dismissal. *Id.* In *Workman v. State*, 144 Idaho 518, 164 P.3d 798 (2007), the State filed an answer that sought summary dismissal of a petition for post-conviction relief but the State did not file a separate motion for summary dismissal. *Id.* at 523-24, 164 P.3d at 803-04. The Court in *Workman* clarified that, when the answer puts the petitioner on notice of

4

the basis for the State's request, an answer is technically sufficient under I.C. § 19-4906(c). *Workman*, 144 Idaho at 524, 164 P.3d at 804.

In this case, the State listed res judicata in the answer as the basis for summary dismissal of Shaver's disproportionate sentence claim. Further, the answer explained that Shaver's disproportionate sentence claim was no different than a plea for reduction of sentence and that res judicata barred Shaver from raising the claim on post-conviction because her Rule 35 motion had previously been denied. Although the motion for summary dismissal did not specify that res judicata was the basis for summary dismissal of Shaver's disproportionate sentence claim, the State's motion was made "in light of the pleadings, answers, admissions, and the record." Thus, the State's motion for summary dismissal incorporated its answer and its res judicata claim. Because the State's answer explained why res judicata was a basis for summary dismissal of Shaver's disproportionate sentence claim, she had notice that summary dismissal was being sought and of the basis for summary dismissal that the district court relied on in granting summary dismissal of Shaver's disproportionate sentence claim.[2] Accordingly, the district court did not err by failing to provide notice of its intent to summarily dismiss Shaver's disproportionate sentence claim. Thus, the judgment summarily dismissing Shaver's petition for post-conviction relief is affirmed. Costs but not attorney fees are awarded to the State on appeal.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.

---

[2] Even if we were to reverse the judgment of conviction and allow Shaver to respond to the State's res judicata argument, that argument fails on the merits because Shaver's disproportionate sentence claim is the same claim that she raised in her Rule 35 motion.