IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 46654

| | |
|---|---|
| JUSTIN LYNN McCALLUM, | ) |
| | ) Filed: February 27, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Nancy A. Baskin, District Judge.

Judgment and order dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Justin Lynn McCallum appeals from the district court's final judgment in which the district court dismissed McCallum's petition for post-conviction relief. McCallum argues the district court erred because it dismissed on grounds not set forth in the State's motion and, therefore, did not give McCallum twenty days to respond. We affirm the district court's judgment and order dismissing McCallum's petition for post-conviction relief because the district court did not dismiss McCallum's petition on a different ground than the State asserted.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

McCallum was originally convicted of lewd conduct with a minor child under sixteen years of age and felony destruction of evidence. The district court imposed a unified sentence of twenty-five years, with five years determinate, for lewd conduct and a five-year determinate

1

sentence for felony destruction of evidence. McCallum appealed and this Court affirmed the sentence for the lewd conduct conviction, but vacated the judgment of conviction for felony destruction of evidence and remanded the case for sentencing on the charge of misdemeanor destruction of evidence. *State v. McCallum*, Docket Nos. 43701, 43738 (Ct. App. Apr. 27, 2017) (unpublished). McCallum was then resentenced for misdemeanor destruction of evidence.

McCallum filed a petition for post-conviction relief. The State filed a combined answer and motion to dismiss McCallum's petition,[1] arguing McCallum failed to include any admissible evidence to support his allegations, and in the alternative, failed to state a claim upon which relief could be granted. McCallum requested the appointment of counsel, which the district court granted. The State filed a separate motion for dismissal and claimed again that McCallum failed to include any admissible evidence to support his allegations. McCallum then amended his petition for post-conviction relief, and the State answered the amended petition and renewed its motion to dismiss. In the answer, the State asserted three deficiencies in McCallum's claims: McCallum failed to provide evidence to support his post-conviction claims; McCallum failed to state a claim upon which post-conviction relief could be granted; and because of the lack of sufficient evidence in support of his claims, McCallum failed to raise a genuine issue of material fact as to any of his claims. A hearing was held on the State's motion to dismiss. After the hearing, the district court granted the State's motion and issued an order which dismissed McCallum's petition for post-conviction relief. The district court found McCallum failed to support his allegations with admissible evidence since McCallum did not include any affidavits, documents, or other admissible evidence to support his claim. The district court entered a judgment dismissing McCallum's petition for post-conviction relief. McCallum timely appeals.

---

[1]     The State used "motion to dismiss" for its motion. Although we will refer to the State's filings by the names set forth on the documents, we echo the district court and encourage the State to abide by the guidance of the Supreme Court:

> [T]he preferable practice is: (1) to file a motion separate from the answer, (2) to identify that motion as a motion for summary disposition, not a motion to dismiss, and (3) to use the language of I.C. [§] 19-4906(c) and cite that specific statutory provision in support of the motion for summary disposition. It should be absolutely clear to a defendant that the State is not just responding to a petition but is seeking summary disposition.

*Workman v. State*, 144 Idaho 518, 524, 164 P.3d 798, 804 (2007).

## II.

## STANDARD OF REVIEW

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

McCallum argues the district court erred when it dismissed his post-conviction action because the district court dismissed his petition on grounds other than the grounds articulated by the State without giving him twenty days to respond. The State claims McCallum did not properly preserve his argument for appeal, and even if he did, the district court dismissed the petition on grounds substantially similar to those articulated by the State and, thus, McCallum was not entitled to additional notice.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

To the extent McCallum is arguing any of the State's filings did not provide him with adequate notice of the grounds for dismissal, in order to preserve his argument McCallum needed to object to the insufficiency of the State's notice so that the district court had the opportunity to rule on the issue. *See State v. Kelly*, 149 Idaho 517, 522 n.1, 236 P.3d 1277, 1282 n.1 (2010). By failing to do so, McCallum waives these arguments on appeal.

3

As to McCallum's second claim that the district court dismissed his petition on grounds other than those articulated by the State, we disagree. The notice requirement for post-conviction cases is set forth in I.C. § 19-4906, which permits a court to rule summarily on applications for post-conviction relief by dismissing the application sua sponte under I.C. § 19-4906(b) or by granting a motion of either party under I.C. § 19-4906(c). *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007). Where a trial court dismisses a claim based upon grounds other than those offered by the State, the defendant seeking post-conviction relief must be provided with twenty days' notice. *Kelly*, 149 Idaho at 523, 236 P.3d at 1283. However, when the dismissal of the petition is based upon the grounds offered by the State, the Court need not provide additional notice. *Id.* Even when a district court relies only in part on the arguments presented by the State, the notice requirement has been met. *Id.*

Here, following McCallum's original petition for post-conviction relief, the State filed a combined answer and motion to dismiss which claimed McCallum failed to include any admissible evidence supporting his allegations, failed to state a claim upon which relief can be granted, and failed to establish a genuine issue of material fact. The State later moved for dismissal and argued to the district court that McCallum failed to support his claims with sufficient evidence. Specifically, the State claimed not only that McCallum made only bare and conclusory allegations, and thus failed to satisfy the requirements of I.C. § 19-4903, but also that the allegations contained in McCallum's petition were so vague and broad that the State did not have an opportunity to prepare a defense to them. After being on notice of this insufficiency, McCallum filed an amended petition for post-conviction relief, and the State again argued in response that McCallum's petition contained "bare and conclusory allegations unsubstantiated by affidavits, records, or other admissible evidence." The State concluded in the third motion to dismiss that McCallum failed to raise a genuine issue of material fact under I.C. §§ 19-4902(a), 19-4903, and 19-4906. At the hearing on the State's motion, the State argued once again that McCallum failed to comply with I.C. § 19-4903 because the only evidence to support McCallum's petition was an affidavit from McCallum that failed to provide any factual support for his claims.

In the order dismissing McCallum's petition for post-conviction relief, the district court categorized the claims within McCallum's petition and amended petition and addressed them

4

individually but found generally, that McCallum had not provided a sufficient factual basis to create a genuine issue of material fact.

McCallum's first post-conviction claim involved alleged errors by the prosecution in pursuing the case, including claims that the prosecution based the trial on the destruction of evidence charge, those responsible for the investigation did not speak with witnesses, and investigators did not timely seek phone records which resulted in a loss of evidence. The district court dismissed the allegations within this first claim because McCallum failed to include any evidence to support the allegations. Because the district court dismissed this claim with the identical reasoning set forth by the State, McCallum received adequate notice on this ground.

McCallum's second post-conviction claim broadly encompassed five allegations that McCallum's trial counsel was ineffective. The five allegations include: (1) counsel did not call any witnesses or use any statements; (2) counsel did not conduct a proper investigation and did not question the lack of investigation; (3) counsel did not use any defense information provided by his previous attorney; (4) McCallum was denied his Constitutional right to testify in his own defense; and (5) McCallum admitted to a probation violation in an unrelated case only because he had been found guilty of the offense that served as the basis for his petition.

The district court addressed the first three allegations together and found each allegation involved strategic decisions made by trial counsel. The district court found McCallum failed to provide sufficient evidence from which the court could evaluate the performance of trial counsel. Specifically, the district court considered the reasonableness of the strategic decisions but concluded there was no evidence presented that trial counsel's performance fell outside the range of competent representation or overcame the presumption that counsel performed in a competent and diligent manner. This ground for dismissal was the same ground set forth by the State--that McCallum failed to provide sufficient evidence to support the claim. Thus, McCallum received adequate notice of the grounds for dismissing the first three allegations within McCallum's ineffective assistance claim.

As for the fourth allegation within McCallum's ineffective assistance claim--McCallum was denied his Constitutional right to testify in his own defense--the district court dismissed the claim on two grounds: first because the claim was not supported by the record in the underlying criminal case and second, because McCallum failed to present sufficient evidence to establish a genuine issue of material fact. The State concedes that dismissing a claim because the claim is

belied by the record is a different basis than failing to support a claim with admissible evidence, but the State argues there is substantial overlap with the State's bases for dismissing the petition. We agree.

The State sought to dismiss McCallum's petition based on lack of admissible evidence to support a claim; similarly, the district court found that McCallum provided no evidence beyond his own declaration supporting his claim that he was unduly influenced to waive his right to testify. The district court also noted that McCallum provided no evidence that any alleged ineffective assistance would have changed the jury verdict. Although the district court provided additional analysis about the deficiencies of the claim, its ultimate conclusion--that McCallum's claims were not supported by admissible evidence and therefore he failed to raise a genuine issue of material fact--was not different in kind to the grounds for dismissal asserted by the State.

The district court also found that McCallum's fifth allegation of ineffective assistance was not supported by the record. In his petition, McCallum argued he admitted to a probation violation in an unrelated case only because he was found guilty of the offense that served as the basis for his petition. The district court explained McCallum failed to establish his ineffective assistance of counsel claims, and thus, any collateral attack on his admission to a probation violation must also be denied. To the extent it relies upon the district court's previous findings, this explanation regarding McCallum's fifth allegation is substantially similar to the grounds for dismissal set forth by the State.

The district court's dismissal of McCallum's claims was based on either the same grounds articulated by the State in its motion to dismiss, or was sufficiently similar, such that McCallum was not entitled to notice different to or in addition to what the State provided in its motion to dismiss.

## IV.

## CONCLUSION

The district court did not dismiss McCallum's petition on grounds different than those articulated by the State. Consequently, McCallum had notice of the grounds for dismissal of his post-conviction petition. Therefore, we affirm the district court's final judgment dismissing McCallum's petition for post-conviction relief.

Judge GRATTON and Judge LORELLO CONCUR.