**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35246**

| | | |
|---|---|---|
| LONNIE HUST, | ) | |
| | ) | **2009 Opinion No. 48** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: June 23, 2009** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County. Hon. Stephen W. Drescher, District Judge.

Order dismissing petition for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge

Lonnie Hust appeals from the district court's summary dismissal of his petition for post-conviction relief. Hust asserts that the court committed reversible error by not acting on his request for post-conviction counsel.

**I.**

**BACKGROUND**

Hust was convicted of lewd conduct with a minor, Idaho Code § 18-1508. Hust did not file a direct appeal, but did file a pro se petition for post-conviction relief nearly eighteen months later. In his petition, Hust asserted that he had been given ineffective assistance of counsel by his trial attorney's failure to file a direct appeal in the case. In his petition he requested appointed counsel to represent him in the post-conviction action. He also filed a separate request for counsel with his petition, and reiterated his request more than once as the post-conviction proceedings continued. After Hust had filed his petition, the State filed a motion to dismiss the

1

petition as barred by the one-year statute of limitation, and the district court followed with a notice of intent to dismiss the petition on the same grounds.[1] Hust responded separately to the State's motion and the court's notice of intent, but at no time did he address the fact that his petition was filed beyond the limitation period or provide an explanation for the untimeliness. On March 19, 2008, the district court summarily dismissed Hust's petition as untimely, stating that "[t]he petitioner was given time to show why the Application should not be dismissed. Although Mr. Hust did file a response, his response failed to address the issue of untimeliness with respect to this petition." The district court never addressed Hust's request for post-conviction counsel to assist him in the district court proceedings. Later, however, the court did appoint counsel to assist Hust in this appeal of the summary dismissal.

## II.

## ANALYSIS

Hust asserts that the district court should have granted his request for post-conviction counsel before dismissing his petition and that the court's failure to do so constituted reversible error. If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent him. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel is discretionary. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Fox v. State,* 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). Nevertheless, counsel should be appointed if the petitioner qualifies financially and "alleges facts to raise the possibility of a valid claim." *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112; *Plant v. State*, 143 Idaho 758, 761, 152 P.3d 629, 632 (Ct. App. 2006). Only if all of the claims alleged in the petition are frivolous may the court deny a request for counsel. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Brown v. State*, 135 Idaho 676, 679, 23 P.3d 138, 141 (2001). If the court decides that the claims in the petition are frivolous, it should provide sufficient notice regarding the basis for its ruling to enable the petitioner to provide additional facts, if they exist, to demonstrate the existence of a non-frivolous claim. *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112; *Swader v. State*, 143 Idaho 651, 653-54, 154

---

[1] Under I.C. § 19-4902, an application for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal from a judgment of conviction, from the determination of an appeal, or from the determination of a proceeding following an appeal, whichever is later.

P.3d 12, 15-16 (2007). It follows that a district court presented with a request for appointed counsel must address this request before ruling on the substantive issues in the case. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111; *Fox*, 129 Idaho at 885, 934 P.2d at 951. The district court abuses its discretion when it fails to determine whether a petitioner for post-conviction relief is entitled to court-appointed counsel before denying the petition on the merits. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

**A.    Invited Error**

As an initial matter, we take up the State's argument that the issue before us was invited error or not preserved for appeal and that Hust therefore should not be permitted to raise the matter now on appeal. The State bases its argument on one sentence in which Hust said that he was requesting counsel for his direct appeal, not his post-conviction action. That sentence stands in contradiction to all the other filings Hust submitted in his post-conviction case. Upon examining the record, it is evident to us that the statement to which the State refers was an inadvertent error, not an expression of Hust's intent. Hust prepared his petition for post-conviction relief by using a fill-in-the-blank form provided by the Department of Correction. He checked a box indicating he wanted counsel appointed to represent him in "this case." The petition was accompanied by a motion and affidavit in support of appointment of counsel, in which Hust requested appointment of counsel for the post-conviction action and gave reasons why counsel should be appointed to him. Also, at the end of his response to the State's motion to dismiss, Hust stated, "Furthermore, Petitioner is requesting Counsel to assist him in perfecting his post-conviction relief petition." Significant here is that, for his response to the State's motion, Hust appears to have altered what was essentially a form document, indicating his desire for counsel by slightly changing the document for his purposes. This alteration is evidenced by the fact that there is a long blank space between the words "his" and "post-conviction" in the quoted sentence, such that the sentence appears as follows: "Furthermore, Petitioner is requesting Counsel to assist him in perfecting his                    post-conviction relief petition."

However, in Hust's second use of that document (as a response to the district court's notice of intent to dismiss), the blanked-out portion of the sentence was left unaltered. The same sentence then said, "Furthermore, Petitioner is requesting Counsel to assist him in perfecting his *First Direct Appeal*, *not* this post-conviction relief petition." (Emphasis added.) Visual

inspection of the two documents indicates that the words ". . . First Direct Appeal, not this . . . ," present in Hust's second use of the document are the words that were blanked out in Hust's earlier use of the document. It is this second document that the State relies upon to assert that Hust withdrew his request for counsel. When considered in the context of all his other filings, it seems most likely that while Hust remembered to blank out the quoted words in his first use of the form document as a response to the State's motion to dismiss, he simply forgot to do so in his second use as a response to the district court's notice of intent to dismiss. It does not appear, as the State contends, that Hust purposefully retained those words the second time around despite having removed them from his earlier filing. This conclusion is bolstered by the fact that Hust had also submitted an earlier handwritten "motion and request for stay on states [sic] motion to dismiss" wherein he asked the district court to "Put A stay on states motion to Dismiss, until court Grants Petitioner Request for counsel, that was submitted with His Post-conviction Petition filed on 12-12-07." Thus, the totality of Hust's filings indicate that he indeed wanted appointed counsel to assist him in his pursuit of the post-conviction action and he made multiple requests to that effect. Where Hust's intent is clear, we will not thwart that intent through reliance upon an apparent oversight in preparing one document. Therefore, we consider the issue preserved for appeal.

**B.    District Court's Failure to Address Motion for Counsel**

The Idaho appellate courts have clearly established that it is error for courts to deny a petition for post-conviction relief on the merits before ruling on the applicant's request for post-conviction counsel. *See, e.g., Charboneau*, 140 Idaho at 792-94, 102 P.3d at 1111-13; *Fox*, 129 Idaho at 885, 934 P.2d at 951; *Swisher v. State*, 129 Idaho 467, 469, 926 P.2d 1314, 1316 (Ct. App. 1996). We have specifically found error when district courts dismiss post-conviction petitions as untimely before addressing the applicants' request for counsel. *Fox*, 129 Idaho at 885, 934 P.2d at 951; *Swisher*, 129 Idaho at 469, 934 P.2d at 1316. The State asserts, however, that dismissal of a petition as untimely is a dismissal for procedural reasons, not on the merits, and that the district court was therefore not required to address Hust's request for counsel before dismissing his petition. The State contends that only dismissals on *substantive* grounds must be preceded by action on a petitioner's request for counsel. We see no practical difference between dismissals based on procedural law and those based on substantive law, however, since the assistance of an attorney can be as vital in navigating procedural issues as in navigating

substantive ones. Therefore, to the extent it was not already made clear in *Fox* and *Swisher*, we make clear today that any time a district court dismisses a petition for post-conviction relief on either substantive *or* procedural grounds without first addressing the petitioner's request for post-conviction counsel (assuming the petitioner made such a request), the court commits an abuse of discretion. It was therefore error for the district court here to dismiss Hust's petition as untimely without first issuing a decision on his request for appointment of an attorney.

Having found error, we must consider whether the error necessitates reversal of the dismissal order or whether, as the State argues, the district court's error was harmless. As in *Swisher*, our harmless error analysis requires that we

> examine [Hust's] application for post-conviction relief to determine whether it presents any colorably meritorious claim, the presentation of which might have been enhanced by the assistance of counsel. If so, the district court's omission to consider the request for counsel before dismissing [Hust's] action will require reversal. If, on the other hand, the claims are unquestionably barred by the statute of limitation, as the State urges and the district court found, then the court's failure to consider appointment of counsel could not have affected the outcome of the proceedings and must be viewed as harmless error.

*Id.* When examining Hust's case, we bear in mind that pro se petitioners often require assistance in adequately asserting their meritorious claims. *Charboneau*, 140 Idaho at 792-93, 102 P.3d at 1111-12; *Brown*, 135 Idaho at 679, 23 P.3d at 141. Nevertheless, some claims are so patently frivolous that they simply cannot be developed into viable claims even with the assistance of counsel. *See Brown*, 135 Idaho at 679, 23 P.3d at 141; *Newman v. State*, 140 Idaho 491, 493-94, 95 P.3d 642, 644-45 (Ct. App. 2004).

The allegation in Hust's petition that his attorney failed to file an appeal from Hust's judgment of conviction after Hust asked him to do so states a cognizable claim for ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Goodwin v. State*, 138 Idaho 269, 272-73, 61 P.3d 626, 629-30 (Ct. App. 2002); *LaBelle v. State*, 130 Idaho 115, 119, 937 P.2d 427, 431 (Ct. App. 1997); *Mata v. State*, 124 Idaho 588, 591-93, 861 P.2d 1253, 1257-58 (Ct. App. 1993). Nevertheless, the petition discloses on its face that the claim is frivolous because it is time-barred. *See Swisher*, 129 Idaho at 470, 926 P.2d at 1317 (holding post-conviction action frivolous due to its claims being time-barred). Both the State's motion to dismiss and the court's notice of intent to dismiss notified Hust that his action appeared to be barred under I.C. § 19-4902. Though Hust filed three separate documents in response to the State's motion and the court's notice of intent to dismiss, none of them gave any explanation for

5

the late filing or offered any reason why the petition should be allowed despite the asserted time bar. Instead, Hust simply restated the substantive basis for his claim and renewed his request for counsel. By not offering any reason as to why his petition should not be deemed time-barred, Hust failed to assert facts showing even the possibility of a valid claim that could be perfected with the aid of counsel. *See Swader*, 143 Idaho at 653, 152 P.3d at 14; *Plant*, 143 Idaho at 761, 152 P.3d at 632.

Hust argues on appeal that appointed counsel might have been able to mount an argument for equitable tolling of the statute of limitation. He points out that, to date, Idaho appellate courts have recognized two circumstances where the statute of limitation for a post-conviction action may be equitably tolled--where the applicant was incarcerated in an out-of-state facility on an Idaho conviction without legal representation or access to Idaho legal materials, *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997), and where mental disease and/or psychotropic medication rendered the applicant incompetent and prevented him from pursuing earlier challenges to the conviction. *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996). However, a post-conviction petitioner need not be knowledgeable about the law of equitable tolling or be capable of making legal argument in order to simply present facts in response to the court's notice that would demonstrate some excuse, justification or explanation for his or her failure to file a petition within the limitations period. Such facts are clearly within the personal knowledge of the petitioner. Hust was given the opportunity to present such evidence but offered no explanation as to why he waited until the statute of limitation had run before filing his action. He therefore did not demonstrate the possibility of a non-frivolous claim.

### III.

### CONCLUSION

Though the district court abused its discretion in failing to address Hust's request for counsel before it dismissed his petition, Hust has not shown his petition to be anything other than untimely and, consequently, frivolous. The court's error was therefore harmless. The order of dismissal is affirmed.

Judge PERRY and Judge GRATTON **CONCUR.**

6