**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39001**

| | |
|---|---|
| WILLIAM OSER, | )  2012 Unpublished Opinion No. 622 |
| | ) |
| Petitioner-Appellant, | )  Filed: September 5, 2012 |
| | ) |
| v. | )  Stephen W. Kenyon, Clerk |
| | ) |
| STATE OF IDAHO, | )  THIS IS AN UNPUBLISHED |
| | )  OPINION AND SHALL NOT |
| Respondent. | )  BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

————————————————————

MELANSON, Judge

William Oser appeals from the order dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Oser was convicted of trafficking in methamphetamine or amphetamine, I.C. § 37-2732B(a), and delivery of a controlled substance, I.C. § 37-2732(a). He was sentenced to concurrent unified terms of twenty years, with minimum periods of confinement of six years. Oser appealed his judgment of conviction, which was affirmed by this Court in an unpublished opinion. *State v. Oser*, Docket No. 35228 (Ct. App. Feb. 18, 2009). On July 20, 2009, Oser filed a pro se petition for post-conviction relief. Oser was appointed counsel to assist in his post-conviction action and counsel filed an amended petition for post-conviction relief. After hearing oral argument, the district court granted the state's motion for summary dismissal of Oser's

1

petition on June 23, 2010. Oser appealed the dismissal, but later withdrew such appeal voluntarily. On May 16, 2011, Oser filed a successive petition for post-conviction relief and requested the appointment of counsel. The state moved for summary dismissal of the successive petition. The district court denied Oser's request for appointment of counsel and granted the state's motion. Oser appeals.

## II.

## ANALYSIS

Oser argues that the district court erred by denying his request for appointment of counsel to assist him with his successive petition. A request for appointment of counsel in a post-conviction proceeding is governed by I.C. § 19-4904, which provides that a court-appointed attorney may be made available to an indigent applicant. *Workman v. State*, 144 Idaho 518, 529, 164 P.3d 798, 809 (2007); *Gonzales v. State*, 151 Idaho 168, 171, 254 P.3d 69, 72 (Ct. App. 2011). The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Hust v. State*, 147 Idaho 682, 683-84, 214 P.3d 668, 669-70 (Ct. App. 2009); *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). The standard to be applied is whether the petition alleges facts showing the possibility of a valid claim that would require further investigation on the defendant's behalf. *Workman*, 144 Idaho at 529, 164 P.3d at 809; *Swader v. State*, 143 Idaho 651, 654, 152 P.3d 12, 15 (2007); *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Only if all of the claims alleged in the petition are frivolous may the court deny a request for counsel. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. On appellate review, we will not set aside the trial court's findings of fact unless they are clearly erroneous and will exercise free review of questions of law. *Id*.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. I.C. § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). Analysis of sufficient reason permitting the filing of a successive petition includes an analysis of whether the claims being made, which were not known when the original petition was filed, were asserted within a reasonable period of time, once those claims were known. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875. In determining what a reasonable

time is for filing a successive petition, we will consider it on a case-by-case basis. *Id.* An untimely petition is, consequently, frivolous. *Hust*, 147 Idaho at 686, 214 P.3d at 672.

Oser's pro se successive petition alleges that his post-conviction counsel failed to adequately represent him in three respects: (1) failure to adequately address the issue of ineffective assistance of trial counsel on the basis of relevance, foundation, and admissibility of certain specific statements on a recording; (2) failure to raise the issue of trial counsel's failure to impeach the state's witnesses; and (3) failure to raise the issue of trial counsel's failure to call certain witnesses. Oser's petition also raises a new claim pursuant to I.C. § 19-4901(a)(4), that the affidavit of probable cause in support of the search warrant does not exist or that it was obtained as a result of police misconduct. In denying Oser's request for counsel and dismissing his successive petition, the district court ruled:

> The Successive Application for Post Conviction Relief is untimely and the claims and allegations set forth in the Successive Petition could have been raised in [Oser's] previous Petition for Post Conviction Relief. The Successive Application for Post Conviction Relief is hereby dismissed.

Oser asserts that his successive petition was timely because he filed it twenty-six days after withdrawing his appeal from the decision dismissing his initial petition. To support this contention, Oser relies upon *Hernandez v. State*, 133 Idaho 794, 992 P.2d 789 (Ct. App. 1999), where this Court determined that a successive petition filed within one year of the appellate court affirming dismissal of the original petition was filed within a reasonable time. Here, however, there is no appellate court order affirming dismissal because Oser, for reasons not apparent from the record, voluntarily withdrew his appeal. Further, although this Court concluded that one year was a reasonable time for an inmate in the circumstances of *Hernandez* to proceed with a successive post-conviction relief action, in determining what a reasonable time is for filing a successive petition, we will consider it on a case-by-case basis. *Charboneau*, 144 Idaho at 905, 174 P.3d at 875.

Ineffective assistance of counsel claims are presumed to be known when they occur. *Rhoades v. State*, 148 Idaho 247, 253, 220 P.3d 1066, 1072 (2009). Therefore, Oser knew, or should have known, about the alleged ineffective assistance of his post-conviction counsel when the district court granted the state's motion for summary dismissal of Oser's claims of ineffective assistance of trial counsel in his initial petition for post-conviction relief on June 23, 2010.

3

However, Oser did not file his successive petition asserting ineffective assistance of post-conviction counsel until May 16, 2011. Oser has not asserted any reason for the nearly one year delay in filing. Thus, we conclude that, under the circumstances of this case, Oser's claims regarding ineffective assistance of post-conviction counsel were not brought within a reasonable time following their discovery.

Oser's new claim pursuant to I.C. § 19-4901(a)(4), that the affidavit of probable cause in support of the search warrant does not exist or that it was obtained as a result of police misconduct, was known, or should have been known, at least by the time this Court affirmed Oser's judgment of conviction on February 18, 2009. Accordingly, Oser could have raised this claim in his initial petition filed on July 20, 2009. Oser has not asserted any reason why such claim was not so raised. Therefore, Oser has not shown that such claim provides a permissible ground to allow the filing of a successive post-conviction petition.

We reiterate that the standard to be applied when determining whether to deny a request for court-appointed counsel is whether the petition alleges facts showing the possibility of a valid claim that would require further investigation on the defendant's behalf. *Workman*, 144 Idaho at 529, 164 P.3d at 809; *Swader*, 143 Idaho at 654, 152 P.3d at 15; *Charboneau*, 140 Idaho at 793, 102 P.3d at 1112. Only if all of the claims alleged in the petition are frivolous may the court deny a request for counsel. *Charboneau*, 140 Idaho at 792, 102 P.3d at 1111. Because Oser's claims alleged in his successive petition regarding ineffective assistance of post-conviction counsel were untimely and his claim pursuant to I.C. § 19-4901(a)(4) could have been raised, but for no sufficient reason was not so raised, in Oser's initial petition, all of the claims alleged in Oser's successive petition are frivolous. Thus, the district court did not err by denying Oser's request for appointment of counsel.

### III.

### CONCLUSION

Oser's claims regarding ineffective assistance of post-conviction counsel were not brought within a reasonable time following their discovery. Oser's new claim pursuant to I.C. § 19-4901(a)(4) could have been raised in his initial petition for post-conviction relief and Oser has not asserted any reason why such claim was not so raised. Accordingly, the district court did not err by denying Oser's request for the appointment of counsel and dismissing Oser's

4

successive petition. Therefore, the order dismissing Oser's petition for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**