**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46120**

| | |
|---|---|
| CARL ROBERT BETANCOURT, | ) |
| | ) **Filed: May 16, 2019** |
| Petitioner-Appellant, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment and order summarily dismissing petition for post-conviction relief, affirmed.

Carl R. Betancourt, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Carl Robert Betancourt appeals from the district court's order summarily dismissing his petition for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2013, Betancourt pled guilty to grand theft, Idaho Code §§ 18-2403, 18-2407(1)(b), 18-2408. On September 9, 2013, the district court imposed a unified sentence of fourteen years with two and one-half years determinate. Betancourt did not appeal.

On March 21, 2018, almost five years later, Betancourt filed a pro se petition for post-conviction relief asserting he is actually innocent, his plea was involuntary, and his trial counsel was ineffective. Betancourt also requested that counsel be appointed for any post-conviction proceedings. Shortly after, on March 27, 2018, the district court filed a notice of intent to

1

dismiss the petition as untimely and denied Betancourt's request for counsel because untimely petitions are considered frivolous per se. In response, on April 16, 2018, Betancourt filed a motion to reconsider; that motion failed to address the timeliness issue. The district court then dismissed his petition as untimely. Betancourt timely appeals from that decision.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). All claims for post-conviction relief must be raised in an original, supplemental, or amended petition. I.C. § 19-4908. Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

## III.

## ANALYSIS

### A. Petition for Post-Conviction Relief

The district court summarily dismissed Betancourt's petition for post-conviction relief because it was untimely. The statute allows a petition to "be filed at any time within one year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). Accordingly, Betancourt's time to file his post-conviction petition expired on October 21, 2014.[1]

---

[1] Betancourt's sentence was imposed and the judgment was entered on September 9, 2013. Accordingly, his time to file a direct appeal expired on October 21, 2013. Idaho Appellate

Because Betancourt did not file his petition until March 21, 2018, the district court dismissed the petition as untimely.

Betancourt, however, declined to assign error to the district court's timeliness determination, or to explain why his petition was filed almost four years after his time for appeal had run. Instead, Betancourt's statement of issues on appeal simply refers to his previously denied motion for reconsideration, which appears to assert the district court erred in denying his request for counsel in addition to claims regarding his underlying conviction.[2] The State argues that because Betancourt failed to argue his petition was timely and the district court's determination was based solely on that issue, the dismissal must be affirmed. We agree. When an appellant fails to contest the grounds upon which a district court based its grant of summary dismissal, the judgment must be affirmed. *State v. Goodwin*, 131 Idaho 364, 366-67, 956 P.2d 1311, 1313-14 (Ct. App. 1998). Because Betancourt fails to assign error to the district court's grounds for summarily dismissing his petition for post-conviction relief, we affirm.

## B.    Motion to Appoint Counsel

The district court did not err when it denied Betancourt's motion to appoint counsel because the claims in his petition were frivolous. The standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim. *Murphy v. State*, 156 Idaho 389, 393, 327 P.3d 365, 369 (2014). If the court decides that the claims in the petition are frivolous, it should provide sufficient notice regarding the basis for its ruling to enable the petitioner to provide additional facts, if they exist, to demonstrate the existence of a non-frivolous claim. *Charboneau v. State*, 140 Idaho 789, 793, 102 P.3d 1108, 1112 (2004).

In order to establish he was entitled to counsel, Betancourt had to demonstrate his petition was not frivolous. Untimely petitions for post-conviction relief are considered frivolous. *Hust v. State*, 147 Idaho 682, 686, 214 P.3d 668, 672 (Ct. App. 2009). As we discussed in *Hust*, when a petitioner declines to give any explanation as to why the petition, which appears to be

---

Rule 14. Accordingly, he had until October 21, 2014, to file a timely petition for post-conviction relief.

[2]     Betancourt's additional issues on appeal include ineffective assistance of trial counsel, actual innocence, due process violations, and a coerced guilty plea. In determining that Betancourt's petition is untimely we need not address these claims.

time-barred, should be considered timely, there can be no showing of "even the possibility of a valid claim that could be perfected with the aid of counsel." *Id*. at 686, 214 P.3d at 672. Here, the district court provided Betancourt with the required notice of its intent to dismiss his petition and gave him the opportunity to demonstrate that his petition was either timely or warranted equitable tolling. In response, Betancourt filed a motion to reconsider without addressing why his petition should be considered timely. Though Betancourt now asserts he cannot be "expected to know how to properly allege the necessary facts" without counsel, he is capable of demonstrating some excuse, justification, or explanation as to why his petition was not filed within the limitation period. As we held in *Hust*, these facts are clearly within the personal knowledge of the petitioner and do not require the expertise of legal counsel. Accordingly, the district court was not required to appoint counsel and Betancourt has failed to show it abused its discretion in refusing to do so.

## IV.

## CONCLUSION

Betancourt failed to challenge the district court's only basis for summarily dismissing his petition for post-conviction relief. He also failed to demonstrate that it erred in denying his request for counsel. Accordingly, the district court's order dismissing Betancourt's petition for post-conviction relief is affirmed.

Judge HUSKEY and Judge LORELLO CONCUR.