# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46496

| | |
|---|---|
| PATRICK LEE O'NEIL, | ) |
| | ) Filed: January 17, 2020 |
| Petitioner-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Patrick Lee O'Neil appeals from a judgment summarily dismissing his petition for post-conviction relief. O'Neil argues that the district court abused its discretion by failing to act consistently with applicable legal standards when denying his motion for appointment of post-conviction counsel. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2016, O'Neil pled guilty to and was sentenced for two counts of delivery of a controlled substance. I.C. § 37-2732(a)(1)(A). O'Neil's sentences were suspended, and he was placed on probation. Subsequently, O'Neil admitted violating the terms of his probation, and the district court revoked his probation and ordered execution of the underlying sentences. O'Neil

1

appealed, and this Court affirmed the order revoking probation and directing execution of the underlying sentences in an unpublished opinion. *State v. O'Neil*, Docket No. 44862 (Ct. App. Nov. 8, 2017).

In December 2017, O'Neil filed a pro se petition for post-conviction relief along with supporting affidavits. The petition alleged that O'Neil's probation officer made inaccurate statements during the probation revocation proceedings, that the prosecutor knowingly used false testimony, that O'Neil's pleas were induced by promises that were not kept, that the prosecution withheld favorable evidence, and that O'Neil received ineffective assistance of counsel. The State answered and moved for summary dismissal of the petition.[1] O'Neil responded by filing a notice of appeal and a motion for appointed counsel. The Idaho Supreme Court dismissed O'Neil's appeal as premature and remanded the case. Ultimately, the district court denied O'Neil's motion for appointed counsel and dismissed the petition, concluding that all of O'Neil's claims were related to his underlying judgment of conviction and, as such, the claims were time-barred and, therefore, frivolous. O'Neil appeals, arguing the district court erred in denying his motion for appointed counsel.

## II.

## ANALYSIS

O'Neil argues that the district court erred in denying his motion for appointed counsel based on the conclusion his post-conviction claims were time-barred. Although O'Neil concedes that any claims challenging his original convictions are time-barred, he contends that his petition for post-conviction relief alleged facts raising the possibility of valid claims arising from his probation revocation. The State contends that the district court properly denied O'Neil's motion for appointed counsel, arguing that the petition fails to raise the possibility of a valid claim related to O'Neil's probation revocation. We hold that the district court did not err in denying O'Neil's motion for appointed counsel because the petition failed to raise the possibility of a valid claim for post-conviction relief.

---

[1] The State also filed a document purportedly objecting to a request for appointed counsel by O'Neil. Although O'Neil checked "yes" to a question in his form petition inquiring whether he was requesting appointed counsel, the record on appeal does not contain a motion for appointed counsel filed prior to the State's objection.

It is not an abuse of discretion to deny appointed counsel to a petitioner who files a petition alleging only time-barred claims. *Hust v. State*, 147 Idaho 682, 686, 214 P.3d 668, 672 (Ct. App. 2009). For a claim challenging a conviction to be timely, the claim must be filed within one year of the expiration of the time to appeal the judgment of conviction, the determination of the appeal, or the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The limitation period for a petition challenging a conviction does not start anew upon the entry of a probation revocation order. *Gonzalez v. State*, 139 Idaho 384, 386, 79 P.3d 743, 745 (Ct. App. 2003). However, the revocation order does start a new limitation period for a petition challenging the probation revocation. *Lake v. State*, 124 Idaho 259, 260-61, 858 P.2d 798, 799-800 (Ct. App. 1993). If a petitioner files a petition asserting untimely claims challenging a conviction and timely claims challenging a probation revocation, the district court must consider the timely claims. *Id.*

The district court denied O'Neil's motion for appointed counsel based on the conclusion that the petition contained only untimely challenges to O'Neil's convictions. The district court construed the central claim asserted in the petition to be ineffective assistance of counsel. Based upon the specific failures of counsel alleged in petition,[2] the district court concluded that the ineffective assistance claims related only to O'Neil's convictions. Because O'Neil filed the petition after expiration of the limitation period for a challenge to his convictions and raised no arguments to toll the limitation period, the district court further concluded that all of O'Neil's claims were time-barred and, therefore, frivolous.

O'Neil's judgment of conviction was entered on August 16, 2016. Because he did not appeal from the judgment, O'Neil had until September 27, 2017, to file his petition for post-conviction relief. Consequently, the petition, which was filed in December 2017, does not present timely challenges to O'Neil's convictions. Thus, the district court did not err in

---

[2] The district court observed that the petition alleged the following specific failures by O'Neil's counsel: (1) that one of O'Neil's attorneys hates him because O'Neil refused to lie for one of the attorney's other clients; (2) that another one of O'Neil's attorneys promised that the prosecution would argue for "nothing more then [sic] a rider"; (3) that an unnamed attorney failed to provide O'Neil with discovery; and (4) that an unnamed attorney advised O'Neil that he could get a new probation officer because his current one was his neighbor.

concluding that O'Neil's claims challenging his conviction are time-barred and in denying O'Neil appointed counsel for those claims.

Although the district court correctly concluded that any claims challenging O'Neil's convictions are time-barred, not all of the allegations in the petition relate to his convictions. Some of the allegations relate to O'Neil's subsequent probation revocation. For example, the petition alleges that O'Neil's probation officer "perjured herself multiple times, threatened [O'Neil] and was [his] neighbor." Additionally, affidavits attached to the petition aver that O'Neil's probation officer made inaccurate statements in an "incident report" and during the probation disposition hearing. The affidavits further aver that the prosecution failed to correct the probation officer's inaccurate statements and withheld information about O'Neil's access to medication while on probation. All of these allegations relate to O'Neil's probation revocation, not his convictions. Thus, the district court erred in concluding the petition raised only issues related to O'Neil's convictions.

The next question we must address is whether this error is prejudicial. *See Swader v. State*, 143 Idaho 651, 653, 152 P.3d 12, 14 (2007). An order that simultaneously dismisses a post-conviction action and denies a motion for appointed counsel, like the one issued in this case, must satisfy two conditions to be upheld on appeal. First, the petitioner must have received notice of the petition's fatal deficiencies. *Judd v. State*, 148 Idaho 22, 25, 218 P.3d 1, 4 (Ct. App. 2009). Second, the petition must fail to allege facts raising even the possibility of a valid claim. *Id.* If a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014).

In its motion for summary dismissal, the State provided notice of the deficiencies in O'Neil's petition. We, therefore, consider whether O'Neil raised the possibility of a valid claim regarding his probation revocation.[3] O'Neil asserts that his petition for post-conviction relief

---

[3]    It is undisputed that, if possibly valid, these purported claims would be timely as O'Neil filed his petition within one year of the conclusion of his appeal from the probation revocation order.

4

raised three possible claims related to his probation revocation: (1) prosecutorial misconduct; (2) inaccurate statements made by his probation officer; and (3) ineffective assistance of counsel for failing to object to the alleged prosecutorial misconduct and inaccurate statements. O'Neil claims that the prosecutor allowed false testimony during the probation disposition hearing by failing to correct inaccurate statements by O'Neil's probation officer. The State violates a defendant's constitutional rights by obtaining a conviction in a proceeding where it failed to correct false testimony. *State v. Dunlap*, 155 Idaho 345, 389, 313 P.3d 1, 45 (2013). To establish a violation of the State's duty to correct false testimony, a defendant must show that the prosecutor knew or should have known the testimony was false. *State v. Wheeler*, 149 Idaho 364, 368, 233 P.3d 1286, 1290 (Ct. App. 2010). However, O'Neil's petition does not allege any *facts* supporting the conclusion that the prosecutor knew or should have known of any false testimony. Rather, the petition contains only O'Neil's bare, conclusory allegations relating to this issue. These broad and conclusory allegations of misconduct do not raise the possibility of a valid claim. *Cf. Grant*, 156 Idaho at 607, 329 P.3d at 389 (holding that the petitioner's broad assertions of prejudice failed to raise the possibility of a valid claim arising from alleged judicial bias).

O'Neil's petition also alleged that the prosecutor withheld information about O'Neil's access to medications while on probation. As a condition of O'Neil's probation, he was required to complete a problem solving court program. O'Neil was eventually terminated from the program for failing to comply with the program's requirements. According to the affidavits attached to his petition, O'Neil alleges that the prosecutor withheld information that O'Neil did not have access to proper medication for much of his time in the program.[4] However, the record on appeal demonstrates that O'Neil was aware of this information and presented it to the district court during his probation disposition hearing. O'Neil's affidavits also aver that his therapist from the problem solving court program testified during the probation disposition hearing that O'Neil was not properly medicated for much of his time in the program. Because O'Neil was aware of the information relating to his access to medications while on probation and presented it

---

[4] Although the petition does not set forth what medications O'Neil lacked access to or their purpose, it is at least possible that the medications related to O'Neil's mental health and his lack of access to them could have affected his ability to comply with the terms of his probation.

to the district court during his disposition hearing, the State did not violate O'Neil's rights by withholding or delaying disclosure of the information. *See Thumm v. State*, 165 Idaho 405, 423, 447 P.3d 853, 871 (2019). These allegations did not raise the possibility of a valid claim entitling O'Neil to the appointment of counsel.

O'Neil's petition further alleged that his probation officer made inaccurate statements in her reports and during O'Neil's probation violation disposition hearing. Specifically, O'Neil alleges that his probation officer made inaccurate statements in a separate parole violation report,[5] failed to notify the district court that O'Neil had clean or inconclusive drug tests on certain occasions, and falsely stated O'Neil missed multiple appointments with a third-party vendor to reestablish his social security benefits.[6] In essence, O'Neil claims his probation officer provided false testimony. However, even if we were to consider all the alleged inaccurate statements by O'Neil's probation officer to be testimony,[7] O'Neil's claim would fail because the statements are immaterial. For false testimony to be material, there must be a reasonable likelihood the testimony affected the outcome of a proceeding. *State v. Lankford*, 162 Idaho 477, 503, 399 P.3d 804, 830 (2017). In probation violation proceedings, a district court must resolve two issues: (1) whether the probationer violated his or her probation; and (2) if so, whether the violation justifies revocation. *State v. Hall*, 114 Idaho 887, 888, 761 P.2d 1239, 1240 (Ct. App. 1988). Because O'Neil admitted violating his probation, the only question left for the district court was whether to revoke O'Neil's probation. The district court revoked O'Neil's probation because his conduct *while on probation* in this case, including being terminated from the problem solving court program and six positive drug tests, demonstrated he could not

---

[5] O'Neil's probation officer in the underlying criminal case also served as O'Neil's parole officer on a previous unrelated conviction. The parole report at issue was addressed to the Idaho Commission of Pardons and Parole, not the trial court that presided over O'Neil's probation violation proceedings.

[6] According to O'Neil, his probation officer set up only one such appointment, which O'Neil attended.

[7] The separate parole violation report is not a sworn document. Moreover, as previously stated, the report was not addressed to the trial court, nor was it file stamped by the clerk of court. Thus, it is unclear whether the trial court ever received or considered the report.

6

successfully complete his probation term. The only alleged inaccurate statement O'Neil's probation officer made regarding O'Neil's conduct while on probation relates to his attendance at appointments to reestablish his social security benefits.[8] Considering O'Neil's other noncompliant behavior, there is no reasonable likelihood that this alleged inaccuracy led to the revocation of his probation. Thus, these allegations did not raise the possibility of a valid claim entitling O'Neil to the appointment of counsel.

Finally, O'Neil argues that his petition raises possible ineffective assistance claims arising from his counsel's failure to object to the prosecutor and probation officer's alleged misconduct. However, the allegations in the ineffective assistance portion of O'Neil's petition do not reflect that his complaints about counsel relate to his probation revocation proceedings--the only proceeding from which O'Neil's petition is timely. Rather, the allegations appear to relate to counsel's performance relative to the entry of judgment from which O'Neil's petition is not timely. As noted, O'Neil was not entitled to the appointment of counsel on time-barred claims. *See Hust*, 147 Idaho at 686, 214 P.3d at 672.

Even if any of O'Neil's ineffective assistance of counsel allegations could be construed as relating to his probation revocation proceedings, the allegations do not raise the possibility of a valid claim. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). As discussed above, the facts alleged in O'Neil's petition fail to raise the possibility of valid direct claims arising from the prosecutor's or probation officer's conduct. In other words, the facts alleged in O'Neil's petition fail to raise the possibility that the prosecutor's or probation officer's conduct

---

[8] With the exception of the statement regarding O'Neil's attendance at the social security appointments, the alleged inaccurate statements in the parole violation report relate to conduct occurring prior to O'Neil being placed on probation in this case.

was objectionable. O'Neil's counsel cannot be ineffective for failing to object to conduct that was not objectionable. *See Maxfield v. State*, 108 Idaho 493, 501, 700 P.2d 115, 123 (Ct. App. 1985). Consequently, we conclude that O'Neil's petition fails to allege facts giving rise to a possibly valid ineffective assistance claim. The district court did not err in declining to appoint counsel to represent O'Neil in his post-conviction action.

## IV.
## CONCLUSION

O'Neil's petition fails to allege facts giving rise to a possibly valid claim for post-conviction relief. Thus, the district court did not err in denying O'Neil's motion for appointment of counsel. Accordingly, the judgment summarily dismissing O'Neil's petition for post-conviction relief is affirmed.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.